Jonathan B. Lee, Esq.
Nevada Bar No. 13524
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorneys for Plaintiff Nereida Hrabe-Kinzer*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEREIDA HRABE-KINZER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>THE VONS COMPANIES, INC., dba Vons Grocery Co #1970, a foreign limited-liability company; DOE EMPLOYEE; ROE OWNER/OPERATOR; DOE INDIVIDUALS 2-10; ROE BUSINESS ENTITIES 2-10, inclusive jointly and severally,<br><br>Defendants. | CASE NO. 2:24-cv-00691-ART-MDC<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, the parties, by and through their respective counsel of record, hereby stipulate and request the Court to enter the following discovery plan and scheduling order. Pursuant to Local Rule 26-1, the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

1. **Conference and Pre-Discovery Disclosure**: Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, the parties met and conferred on May 6, 2024. The meeting was telephonically attended by Jonathan B. Lee, Esq., of Richard Harris Law Firm for Plaintiff Nereida Hrabe-Kinzer; and Jack P. Burden, Esq. of Backus | Burden, for Defendant The Vons Companies, Inc. Pursuant to Local Rule 26-1(a), the parties are requesting more than the standard 180 days to complete discovery because Ms. Hrabe-Kinzer has not completed her treatment for the incident-related

1

injuries she purportedly sustained in the incident. The parties are requesting 240 days to complete discovery in this matter. Based on the foregoing, good cause exists to extend the standard discovery period to a full year.

2. **Pre-Discovery Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), the parties have already served their respective pre-discovery disclosures.

3. **Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan**: The parties propose the following discovery plan:

   A. **Discovery Cut-off Date(s)**: The case was removed from state court on April 9, 2024. Accordingly, the parties shall have until **Thursday, December 5, 2024** to complete discovery.

   B. **Amending the Pleadings and Adding Parties**: The parties shall have until **Friday, September 6, 2024** to file any motions to amend the pleadings to add parties. This is ninety days before the discovery cut-off date.

   C. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and Local Rule 26-1(b)(3) as follows: the disclosure of initial experts and their reports shall occur on or before **Friday, September 6, 2024**. The disclosure of rebuttal experts and their reports shall occur on or before **Monday, October 6, 2024.** The initial expert disclosure deadline is sixty days before the discovery cut-off date and the rebuttal expert disclosure deadline is thirty days after the initial expert disclosure deadline.

   D. **Dispositive Motions**: The parties shall have until **Monday, January 6, 2025** to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(b)(4).

   E. **Pre-Trial Order**: The parties will prepare a Consolidated Pre-Trial Order on or before **Monday, February 3, 2025**, which is not more than thirty days after the date set for filing dispositive motions in this case, as required by Local Rule 26-1(b)(5). This deadline will be suspended if dispositive motions are timely filed until thirty days after the decision of the

dispositive motions or until further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3), and objections thereto, shall be included in the pre-trial order.

F. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

G. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Local Rule 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one days before the subject deadline.

H. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files and metadata as a key component of the claims at issue in this matter.

I. **Alternative Dispute Resolution**: The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. Although the parties have not foreclosed the possibility of using alternative dispute-resolution processes in the future, at this juncture, the parties intend to remain in this forum.

J. **Alternative Forms of Case Disposition**: The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). However, the parties **do not** consent to trial by a magistrate judge or use of the Short Trial Program.

. . .

. . .

. . .

K. **Electronic Evidence**: The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

Dated this 12th day of May, 2024.            Dated this 12th day of May, 2024.

**RICHARD HARRIS LAW FIRM**            **BACKUS | BURDEN**

*/s/ Jonathan B. Lee*            */s/ Jack P. Burden*

Jonathan B. Lee, Esq.            Jack P. Burden, Esq.
Nevada Bar No. 13524            Nevada Bar No. 6918
801 South Fourth Street            3050 South Durango Drive
Las Vegas, Nevada 89101            Las Vegas, Nevada 89117
*Attorneys for Plaintiff*            *Attorneys for Defendant*
   *Nereida Hrabe-Kinzer*                *The Vons Companies, Inc.*

**ORDER**

IT IS SO ORDERED this 16th day of ____May_____, 2024

_____
United States Magistrate Judge

4