**SAO**
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
Email: jlee@richardharrislaw.com
*Attorney for Plaintiff Nereida Hrabe-Kinzer*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEREIDA HRABE-KINZER, individually;<br><br>Plaintiff,<br><br>vs.<br><br>THE VONS COMPANIES, INC., dba Vons Grocery Co #1970, a foreign limited-liability company; DOE EMPLOYEE; ROE OWNER/OPERATOR; DOE INDIVIDUALS 2-10; ROE BUSINESS ENTITIES 2-10, inclusive jointly and severally,<br><br>Defendants. | CASE NO. 2:24-cv-00691-ART-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES AND CONTINUE TRIAL**<br><br>**(Third Request)** |

Pursuant to Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 26-3, it is hereby stipulated and agreed by and between the parties hereto, by and through their respective counsel that the discovery deadlines shall be extended in this matter by an additional sixty (60) days. The parties propose the following revised discovery plan:

Pursuant to Local Rule 6-1(b), the Parties hereby aver that this is the third discovery extension requested in this matter. Further: 1) there is no danger of prejudice as the Parties stipulate the extension; 2) a sixty (60) day extension will not impact the trial date because the same has not been scheduled; and 3) the requested extension is made in good faith by both Parties. *Pioneer Investment Services v. Brunswick Associate's, Ltd.*, 507 U.S. 380, 395 (1993).

Hrabe-Kinzer v. The Vons Companies, Inc.
Case No. 2:24-cv-00691-ART-MDC

**I.   DISCOVERY COMPLETED TO DATE**

The parties have participated in the following discovery to date:

1. The parties have conducted a Rule 26(f) conference and served their respective Rule 26(a)(1) disclosures.
2. Plaintiff's Fed. R. Civ. P. 26(a)(1) initial disclosures;
3. Plaintiff's First Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
4. Plaintiff's Second Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
5. Plaintiff's Third Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
6. Plaintiff's Fourth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
7. Plaintiff's Fifth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
8. Plaintiff's Sixth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
9. Plaintiff's Seventh Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
10. Plaintiff's Eighth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
11. Plaintiff's Ninth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
12. Plaintiff's Tenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
13. Plaintiff's Eleventh Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
14. Plaintiff's Twelfth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
15. Plaintiff's Thirteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
16. Plaintiff's Fourteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
17. Plaintiff's Fifteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures
18. Defendant's Fed. R. Civ. P. 26(a)(1) initial disclosures;
19. Defendant's First Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
20. Defendant's Second Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
21. Defendant's Third Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;
22. Plaintiff's First Set of Interrogatories to Defendant;
23. Plaintiff's First Set of Requests for Production of Documents to Defendant;
24. Plaintiff's First Set of Requests for Admissions to Defendant;
25. Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant;

26. Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant;

27. Defendant's Responses to Plaintiff's First Set of Requests for Admissions to Defendant;

28. Plaintiff's Second Set of Interrogatories to Defendant;

29. Plaintiff's Second Set of Requests for Production of Documents to Defendant;

30. Plaintiff's Second Set of Requests for Admissions to Defendant;

31. Defendant's Responses to Plaintiff's Second Set of Interrogatories to Defendant;

32. Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents to Defendant;

33. Defendant's Responses to Plaintiff's Second Set of Requests for Admissions to Defendant;

34. Plaintiff's Third Set of Requests for Production of Documents to Defendant;

35. Correspondence to the Current Property Owner relating to Coordinating Site Inspection;

36. The Parties stipulated to a Confidentiality and Protective Order;

37. Defendant took Plaintiff's deposition on November 26, 2024;

38. Plaintiff's retention of forensic medical expert, Thomman Kuruvilla;

39. Plaintiff's retention of safety expert, John Peterson.

II. **DISCOVERY REMAINING TO BE COMPLETED**

1. Defendant's Discovery Requests to Plaintiff;

2. Deposition of Defendant's 30(b)(6);

3. Depositions of former store employees Kalya Todora, Gary Quesnell, Keitha Jackson, and potentially other current/former employees of Defendant.

4. Initial Designation of Experts;

5. Rebuttal of Experts;

6. Deposition of Expert Witnesses;

7. Depositions of other fact witnesses;

8. Supplemental Fed. R. Civ. P. 16.1 disclosures;

9. Supplemental written discovery responses;

10. Supplemental expert disclosures; and

11. Any additional discovery necessary as the parties proceed through discovery.

### III. REASONS WHY DISCOVERY NOT COMPLETED WITHIN TIME SET BY DISCOVERY PLAN

As alluded to in the Parties' second requested extension of discovery, Defendant is currently in its busiest time of year [from Halloween through Valentine's Day]. Because of the same, store employee(s) and/or corporate 30(b)(6) witness(es) are not available to sit for deposition. The Parties have attempted to coordinate and schedule the depositions of Kalya Todora, Gary Quesnell, and Keitha Jackson – former employees of the Von's grocery store where the alleged incident occurred. Coordinating their depositions has been challenging because these employees currently work at different Von's locations and due to the busyness of the various stores where these former employees currently work. However, the parties are coordinating these depositions for March 2025. Secondly, Plaintiff has sought documentation related to prior slip and falls at the Store where the subject incident occurred via requests for production. Defense counsel is in the process of acquiring said documents for disclosure; however, because the requested documents related to prior slips and falls at the subject Store are maintained by Defendant's third-party administrator, and the subject Store is closed, additional time is needed for Defendant to procure said documentation. Significantly, the foregoing information and documents are critical to the opinions of the Parties' liability experts. Lastly, the Plaintiff was recently recommended to undergo medical treatment that could have a significant impact on the opinions of the medical experts retained in this matter. Plaintiff is currently scheduled to undergo a cervical facet block procedure on February 20, 2025 at the C4-C7 level of her cervical spine, along with a future bone marrow aspirate concentrate (BMAC) injection procedure in her left foot.

### IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | 03.07.2025 | *05.06.2025* |
| Initial Expert Disclosures | 03.07.2025 | *05.06.2025* |

Hrabe-Kinzer v. The Vons Companies, Inc.
Case No. 2:24-cv-00691-ART-MDC

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Rebuttal Expert Disclosures | 04.04.2025 | **06.05.2025** |
| Discovery Cut-Off Date | 06.03.2025 | **08.04.2025** |
| Dispositive Motions | 07.07.2025 | **09.03.2025** |
| Joint Pre-trial Order, if no Dispositive Motions | 08.07.2025 | **10.03.2025** |

Dated 18th day of February, 2025.

**RICHARD HARRIS LAW FIRM**

/s/ Jonathan B. Lee

_____
Jonathan B. Lee, Esq.
Nevada Bar Number 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Nereida Hrabe-Kinzer*

Dated 18th day of Februray 2025.

**BACKUS | BURDEN**

/s/ Jacquelyn Franco

_____
Jack P. Burden, Esq.
Nevada Bar Number 6918
Jacquelyn Franco, Esq.
Nevada Bar Number 13484
3050 South Durango Drive
Las Vegas, Nevada 89117
*Attorneys for Defendant The Vons Companies, Inc., Dba Vons Grocery Co. #1970*

**ORDER**

IT IS SO ORDERED. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

_____
United States Magistrate Judge
2-21-25

5