| | |
|---|---|
| 1 | **SAO** |
| 2 | Jonathan B. Lee, Esq. |
|   | Nevada Bar No. 13524 |
| 3 | **RICHARD HARRIS LAW FIRM** |
|   | 801 South Fourth Street |
| 4 | Las Vegas, Nevada 89101 |
|   | Phone: (702) 444-4444 |
| 5 | Fax: (702) 444-4455 |
|   | Email: jlee@richardharrislaw.com |
| 6 | *Attorney for Plaintiff Nereida Hrabe-Kinzer* |

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| NEREIDA HRABE-KINZER, individually; | CASE NO. 2:24-cv-00691-ART-MDC |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** |
| THE VONS COMPANIES, INC., dba Vons Grocery Co #1970, a foreign limited-liability company; DOE EMPLOYEE; ROE OWNER/OPERATOR; DOE INDIVIDUALS 2-10; ROE BUSINESS ENTITIES 2-10, inclusive jointly and severally, | **(Fourth Request)** |
| Defendants. | |

Pursuant to Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 26-3, it is hereby stipulated and agreed by and between the parties and their respective counsel that the discovery deadlines shall be extended in this matter by an additional sixty (60) days. The parties propose the following revised discovery plan:

Pursuant to Local Rule 6-1(b), the Parties hereby believe this is the fourth discovery extension requested. Further: 1) there is no danger of prejudice as the Parties stipulate the extension; 2) a sixty (60) day extension will not impact the trial date because the same has not been scheduled; and 3) the requested extension is made in good faith by both Parties. *Pioneer Investment Services v. Brunswick Associate's, Ltd.*, 507 U.S. 380, 395 (1993).

Because the parties are submitting this stipulation later than 21 days before the expiration of the first deadline, they are requesting the Court to extend the excusable neglect standard. Local Rule 26-3 indicates in relevant part:

LR 26-3. EXTENSION OF SCHEDULED DEADLINES

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.

Under Nevada federal law, excusable neglect in the context of LR 26-3 is a flexible and equitable concept. *Burton v. Fonseca*, 2023 WL 2717326, at *2 (D. Nev. Mar. 30, 2023) (*citing Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994). In determining whether neglect is excusable, Federal Courts assess four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.* (*citing Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). The parties address each factor below.

### 1. The Danger of Prejudice to the Opposing Party

There is no danger of prejudice to the opposing party. This is a joint request. Thus, this factor favors satisfaction of the excusable neglect standard.

### 2. The Length of the Delay and Its Impact on the Proceedings

The additional time the parties are requesting does not create an unreasonable delay or have a negative impact on the proceedings. The subject incident occurred on July 19, 2023, and then the Store permanently closed a few months afterwards. On March 11, 2024, Plaintiff filed her

complaint in state court, which was subsequently removed to federal court on April 10, 2024. Accordingly, this matter has only been pending before this Court for slightly over a year. Thus, this factor also favors satisfaction of the excusable neglect standard.

### 3. The Reason for the Request for Additional Time

As Section III indicates, Plaintiff is still undergoing extensive pain management treatment for her alleged incident-related injuries, obtaining a left lumbar sympathetic ganglion block (L2-L4) (March 20, 2025), a diagnostic facet injection (bilateral) of the cervical spine (C3-C7) (February 20, 2025), and bilateral bone marrow aspirate concentrate and platelet-rich plasma facets injections in her cervical spine (C3-C7) and left foot. Mrs. Hrabe anticipates undergoing additional pain management treatment soon due to the results of her recent injections. Additionally, the Defendant has been waiting for its third-party insurance administrator to provide the relevant documentation related to the Store's prior slip and fall incidents that the Defendant previously identified in prior discovery. Unfortunately, Defendant cannot access these documents because the Store closed a few months after the subject incident transpired and requested them from its third-party insurance administrator months ago. Defendant believes that at least the first set of these documents will be available to disclose and be analyzed by the parties' legal counsel and liability experts within weeks. Lastly, Defendant is still trying to coordinate the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) designees,[1] along with a few of the Defendant's former employees who were present at the Store when the subject incident transpired and investigated the incident – *i.e.*, Keitha Jackson, Kayla Toroda, and Gary Quesnell. Thus, the requested extension, the length of the delay, and the related impact on the proceedings will not be substantive or material. Instead, the additional time will positively impact the proceedings and potentially allow the parties to consider alternative dispute resolution options and appropriately prepare for trial. Thus, there is no bad faith or inappropriate delay involved and the reason for the additional time favors satisfaction of the excusable neglect standard.

---

[1] Defendant has already identified the designees for the topics noticed in the Fed. R. Civ. P. 30(b)(6) deposition notice.

### 4. Whether the Movant Acted in Good Faith

Both parties are acting in good faith with this joint request. As indicated, the parties are not making this extension request for the purpose of delay or any bad faith reason. There is nothing nefarious going on amongst the parties. The parties need additional time to obtain the relevant discovery,[2] coordinate potential alternative dispute resolution, and properly prepare the case for trial if the parties cannot resolve this matter. Thus, this factor favors satisfaction of the excusable neglect standard.

### 5. Excusable Neglect Conclusion

Considering the above four factors and the remaining circumstances, the parties believe they have satisfied the excusable neglect standard. Further, as the Court knows, the excusable neglect standard is an equitable concept, which, in this scenario, essentially means fairness that is not hampered by technical requirements. Also, the requested extension is fair for both sides; they both benefit from it. Thus, not only do the related factors favor a finding of excusable neglect, but the equities in the case do as well.

I. **DISCOVERY COMPLETED TO DATE**

The parties have participated in the following discovery to date:

1. The parties have conducted a Rule 26(f) conference and served their respective Rule 26(a)(1) disclosures.

2. Plaintiff's Fed. R. Civ. P. 26(a)(1) initial disclosures;

3. Plaintiff's First Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

4. Plaintiff's Second Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

5. Plaintiff's Third Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

6. Plaintiff's Fourth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

7. Plaintiff's Fifth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

8. Plaintiff's Sixth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

9. Plaintiff's Seventh Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

---

[2] The deposition notice of Defendant's Fed. R. Civ. P. 30(b)(6) designee has been provided to Defense counsel and two designees have been identified. One designee is in Arizona; the other designee is local.

10. Plaintiff's Eighth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

11. Plaintiff's Ninth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

12. Plaintiff's Tenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

13. Plaintiff's Eleventh Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

14. Plaintiff's Twelfth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

15. Plaintiff's Thirteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

16. Plaintiff's Fourteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

17. Plaintiff's Fifteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures

18. Defendant's Fed. R. Civ. P. 26(a)(1) initial disclosures;

19. Defendant's First Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

20. Defendant's Second Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

21. Defendant's Third Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;

22. Plaintiff's First Set of Interrogatories to Defendant;

23. Plaintiff's First Set of Requests for Production of Documents to Defendant;

24. Plaintiff's First Set of Requests for Admissions to Defendant;

25. Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant;

26. Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant;

27. Defendant's Responses to Plaintiff's First Set of Requests for Admissions to Defendant;

28. Plaintiff's Second Set of Interrogatories to Defendant;

29. Plaintiff's Second Set of Requests for Production of Documents to Defendant;

30. Plaintiff's Second Set of Requests for Admissions to Defendant;

31. Defendant's Responses to Plaintiff's Second Set of Interrogatories to Defendant;

32. Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents to Defendant;

33. Defendant's Responses to Plaintiff's Second Set of Requests for Admissions to Defendant;

34. Plaintiff's Third Set of Requests for Production of Documents to Defendant;

35. Correspondence to the Current Property Owner relating to Coordinating Site Inspection;

36. The Parties stipulated to a Confidentiality and Protective Order;

37. Defendant took Plaintiff's deposition on November 26, 2024;

38. Plaintiff's retention of forensic medical expert, Thomman Kuruvilla;

39. Plaintiff's retention of safety expert, John Peterson;

**40. Defendant's Responses to Plaintiff's Third Set of Requests for Production of Documents to Defendant;**

**41. Plaintiff's Sixteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**42. Plaintiff's Seventeenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**43. Plaintiff's Eighteenth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**44. Defendant's Fourth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**45. Defendant's Fifth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**46. Defendant's Sixth Supplement to Fed. R. Civ. P. 26(a)(1) initial disclosures;**

**47. Defendant's Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents to Defendant;**

**48. Defendant's Responses to Plaintiff's Third Set of Requests for Production of Documents to Defendant; and**

**49. Plaintiff's disclosure of Dr. Thomman Kuruvilla's forensic medical expert report.**

II. DISCOVERY REMAINING TO BE COMPLETED

1. Deposition of Defendant's 30(b)(6) designees;

2. Depositions of former store employees Kalya Todora, Gary Quesnell, Keitha Jackson, and potentially other current/former employees of Defendant;

3. Obtaining the documentation of the prior incidents from Defendant's third-party

insurance administrators;

    4.    Initial Designation of Experts;

    5.    Rebuttal of Experts;

    6.    Depositions of other fact witnesses;

    7.    Supplemental NRCP 16.1 disclosures;

    8.    Supplemental written discovery responses;

    9.    Supplemental expert disclosures; and

    10.    Any additional discovery is necessary as the parties proceed through discovery.

### III. REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME SET BY THE DISCOVERY PLAN.

As mentioned above, the parties need additional time to complete the depositions for multiple reasons. First, Mrs. Hrabe is still undergoing extensive pain management treatment for her alleged incident-related injuries and was recently recommended to undergo more medical treatment that could significantly impact the opinions of the medical experts retained in this matter. Secondly, the Defendant has been waiting for its third-party insurance administrator to provide the relevant documentation related to the Store's prior slip and fall incidents that the Defendant previously identified in prior discovery. Unfortunately, Defendant cannot access these documents because the Store closed a few months after the subject incident transpired and requested them from its third-party insurance administrator months ago. Defendant believes that at least the first set of these documents will be available to disclose and be analyzed by the parties' legal counsel and liability experts within weeks. Plaintiff's liability expert, John Peterson, believes that these documents are important to examining the Store's pattern recognition of hazard, incident response and investigation procedures, the Defendant's awareness of potential hazards and their response to recurring issues, safety management practices at the Store, employee risk alertness, any potential behavioral complacency at the Store related to hazard management and safety practices, potential cultural deficiencies, among other important factors. Lastly, Defendant is still trying to coordinate the depositions of Defendant's Fed. R. Civ. P. 30(b)(6) designees,[3] along with a few of

---

[3] Defendant has already identified the designees for the topics noticed in the Fed. R. Civ. P. 30(b)(6) deposition notice.

Hrabe-Kinzer v. The Vons Companies, Inc.
Case No. 2:24-cv-00691-ART-MDC

the Defendant's former employees who were present at the Store when the subject incident transpired and investigated the incident – *i.e.*, Keitha Jackson, Kayla Toroda, and Gary Quesnell. Significantly, the foregoing information and documents will be critical to the opinions of the parties' liability experts.

### IV. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY

Based on the foregoing, the proposed schedule for completing discovery is as follows:

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | 05.06.2025 | *07.07.2025* |
| Initial Expert Disclosures | 05.06.2025 | *07.07.2025* |
| Rebuttal Expert Disclosures | 06.05.2025 | *08.06.2025* |
| Discovery Cut-Off Date | 08.04.2025 | *10.03.2025* |
| Dispositive Motions | 09.03.2025 | *11.03.2025* |
| Joint Pre-trial Order, if no Dispositive Motions | 10.03.2025 | *12.02.2025* |

Dated 6th day of May 2025.

**RICHARD HARRIS LAW FIRM**

/s/ Jonathan B. Lee

_____
Jonathan B. Lee, Esq.
Nevada Bar Number 13524
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff Nereida Hrabe-Kinzer*

Dated 6th day of May 2025.

**BACKUS | BURDEN**

/s/ Jacquelyn Franco

_____
Jack P. Burden, Esq.
Nevada Bar Number 6918
Jacquelyn Franco, Esq.
Nevada Bar Number 13484
3050 South Durango Drive
Las Vegas, Nevada 89117
*Attorneys for Defendant The Vons Companies, Inc., Dba Vons Grocery Co. #1970*

### ORDER

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 5/8/2025

8