**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nereida Hrabe-Kinzer,<br>Plaintiff(s),<br>vs.<br>The Vons Companies, Inc., et al,<br>Defendant(s). | 2:24-cv-00691-ART-MDC<br>**ORDER** |

Plaintiff filed a *Motion to Seal* ("Motion to Seal")(ECF No. 36) and a *Sealed Motion for Sanctions for Spoliation of Evidence* ("Sealed Motion for Sanctions")(ECF No. 37). The Court **DENIES** the Motion to Seal (ECF No. 36) without prejudice, with leave to refile. The parties may alternatively file a stipulation to seal. The Court holds the Sealed Motion for Sanctions (ECF No. 37) in **ABEYANCE** pending further order of the Court.

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome the presumption in the context of a dispositive motion, party may request that records be filed under seal upon a showing of compelling reasons sufficient to outweigh the public's right of access. See *Kamakana v. City & Cnty. Of Honolulu*, 477 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has recognized that protecting confidential and sensitive information may constitute a compelling reason to seal judicial records. See*, e.g., Kamakana*, 447 F.3d at 1187.

The plaintiff moves to seal the currently Sealed Motion for Sanctions, which is dispositive because plaintiff seeks potential case ending sanctions . Plaintiff states that she, "is seeking to file the motion under seal so as to not inadvertently violate the protective order." The plaintiff did not mention

or analyze the compelling reasons standard. See *Kamakana* 477 F.3d at 1178. The defendant did not file a response, thus the defendant has also not analyzed the compelling reasons standard. Parties cannot agree to litigate in secret nor can sealing be premised on a confidentiality stipulation. *See generally Kamakana*. 447 F.3d at 1183 ("The United States argues that . . . it relied on the stipulated protective order when consenting to provide depositions of federal witnesses and documents, and that such reliance constituted a compelling reason sufficient to overcome the presumption of access. We have no such categorical rule regarding protective orders. To the contrary, we have held that a non-party's reliance on a blanket protective order is unreasonable and is not a 'compelling reason' that rebuts the presumption of access."). Even if compelling reasons are identified, a sealing order must be narrowly tailored. *Kamakana*, 447 F.3d at 1182.

The parties have not provided any compelling reasons for the Court to consider. The parties have also not shown that sealing the entire Motion for Sanctions (rather than filing a redacted version) is narrowly tailored. It is also not clear on the docket that the plaintiff served the defendant with an unsealed version of the Motion for Sanctions. The certification states that the plaintiff only served it via CMECF (ECF No. 37 at 25), but the entire Motion for Sanctions is sealed, which are generally not served on adverse parties, and the defendant did not file a response. The Court will give the parties another opportunity to show that the Motion for Sanctions should be sealed. The Court will also give the defendants another opportunity to file a response to the Motion for Sanctions.

**IT IS SO ORDERED:**

1. Plaintiff's *Motion to Seal* (ECF No. 36) is **DENIED** without prejudice, with leave to refile, by **September 14, 2026.** The parties may alternatively file a stipulation to seal. The briefing on the Motion or the Stipulation to Seal must include an analysis of the compelling reasons to seal as discussed in this Order.

2. The *Sealed Motion for Sanctions for Spoliation of Evidence* ("Sealed Motion for Sanctions")(ECF No. 37) will **REMAIN** sealed until further order of the Court.
3. The plaintiff has until **September 4, 2026** to serve the defendant a copy of the Sealed Motion for Sanctions.
4. The defendant has until **September 18, 2026** to file a response to the Motion for Sanctions and the plaintiff has until **September 25, 2026** to file a reply.
5. The Court holds the Sealed Motion for Sanctions (ECF No. 37) in **ABEYANCE** pending further order of the Court.

Dated: September 1, 2026.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge